FILED
U.S. DIST COURT
BRUNSWICK DIV.

2005 SEP 27 P 12: 10

*signature*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

KITSON JARVIS,

    Petitioner,

vs.

JOSE M. VAZQUEZ, Warden,

    Respondent.

CIVIL ACTION NO. CV205-026

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kitson Jarvis ("Jarvis"), an inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. Respondent filed a Response, and Jarvis has filed a Traverse. For the reasons which follow, Jarvis' petition should be **DENIED**.

## STATEMENT OF THE CASE

Jarvis was sentenced in the United States Virgin Islands to twenty and one-half (20 ½) years' imprisonment for a 1980 conviction for: first degree burglary; four counts of first degree robbery; seven counts of first degree assault; unauthorized use of a motor vehicle; and possession of an unlicensed firearm during the commission of a crime of violence. (Resp., p. 3.) Jarvis served approximately one-half of this sentence and was paroled on August 24, 1989. On September 23, 1997, Jarvis was sentenced in the United States Virgin Islands to 220 months' imprisonment for possession with intent to distribute a

AO 72A
(Rev. 8/82)

controlled substance, in violation of 28 U.S.C.A. § 841(a)(1). (Resp't's Ex. 2.) Jarvis was committed to serve his sentence at FCI Jesup, and he arrived at that facility on January 13, 1998. The United States Virgin Islands Parole Board interviewed Jarvis during his incarceration at FCI Jesup, via telephone, on August 15, 2002, and confirmed that he was incarcerated. The Virgin Islands Parole Board voted to revoke Jarvis' parole and to have him serve the remainder of his original sentence upon his release from FCI Jesup. The Virgin Islands Parole Board sent a detainer action letter dated October 10, 2002, to officials at FCI Jesup, and on January 22, 2003, FCI Jesup officials lodged a detainer in favor of the Virgin Islands Bureau of Corrections. (Resp., p. 4.)

Jarvis asserts that the United States Virgin Islands Parole Board's detainer action letter is void because it is untimely. Jarvis alleges that his parole revocation date for his original sentence was March 5, 2001, and the letter is dated October 10, 2002. Jarvis requests that this detainer action letter be removed from his file and that his custody classification points be corrected.

Respondent asserts that the Bureau of Prisons ("BOP") does not determine the validity of an inmate's detainer and that the detainer remains in full force and effect until the "receiving state" authorizes the removal of the detainer. (Resp., p. 6.) Respondent also asserts that the existence of this detainer allows the BOP to use the detainer to score an inmate's custody classification.

## DISCUSSION AND CITATION OF AUTHORITY

According to Program Statement ("P.S.") 5800.13, the Bureau of Prisons "does not decide the validity of the detainer . . . All detainers will remain in full force and effect, unless

2

and until the charges from the 'receiving state'[1] are dismissed and/or the receiving state authorizes, in writing, the removal of the detainer." P.S. 5800.13, Ch. 7, p. 10, ¶ 712 (June 28, 2002). The BOP is entitled to use a detainer in scoring an inmate's custody classification. See P.S. 5100.07, Ch. 8, pp. 2-3 (Sept. 3, 1999).

The United States Virgin Islands Parole Board asked officials at FCI Jesup to place a detainer in their favor against Jarvis. Even if this detainer action letter is void as Jarvis contends, the BOP, and by extension Respondent, do not determine whether the detainer is valid. Accordingly, it is appropriate for the BOP to use the detainer to score Jarvis' custody classification. It appears that Jarvis' complaint appropriately lies with the United States Virgin Islands Parole Board and Bureau of Corrections, not with the Warden at FCI Jesup.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Jarvis' petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Although Respondent did not provide the Court with any definition for a "receiving state", it appears that this term refers to the jurisdiction wishing to have an inmate received or returned to that jurisdiction upon his completion of another sentence. Thus, in this case, the United States Virgin Islands is the receiving state.